IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 20-cv-01299-RBJ

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Petitioner,

v.

2430 SOUTH HAVANA, LLC, a Colorado limited liability corporation,

    Respondent.

## ORDER APPOINTING UMPIRE

On July 16, 2017 a hailstorm damaged the roof of a commercial building in Aurora, Colorado owned by McDermott Investments, Inc. Owners Insurance Company issued an insurance policy that covered property damage to the building. 2430 South Havana, LLC, the assignee of McDermott's insurance claim, and Owners dispute the value of the loss.

The insurance policy contains a standard-form appraisal clause:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

1

ECF No. 1-8 (Policy) at Bates #Owners 000088.

2430 South Havana invoked the appraisal process and selected a public adjuster, Brett Allen, to serve as its designated appraiser. Mr. Allen later withdrew for personal reasons and was replaced by a different public adjuster, Jeffrey Major. Owners selected an engineer, Bill McConnell, to serve as its designated appraiser. The two appraisers disagreed about the value of the property and the amount of the loss. They also could not agree on the selection of an umpire. The basic dispute concerning the umpire is that Owners and its designated appraiser prefer an individual with expertise in roof repair and damage assessment to serve as the umpire, whereas 2430 South Havana and its designated appraiser prefer an individual with mediation expertise.

Owners filed this case asking the Court to appoint an umpire. Federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. The Court finds from the parties' submissions that citizenship is diverse, and the jurisdictional amount has been met.

Owners has proposed Neil Mekelburg of PIE Engineering and Consulting of Arvada, Colorado as its first choice. Alternatively, Owners proposes Karl Wieghaus of Knott Laboratory, LLC of Ft. Collins, Colorado and Brett Lochridge of Unified Building Sciences, Inc. of Dallas, Texas. All three individuals are engineers. Mr. Mekelburg was appointed by Judge Arguello to serve as an umpire in a hail damage insurance coverage case. *See Continental Casualty Co. v. Kidney Real Estate Associates of Arvada, LLC,* No. 18-cv-551.CMA, KLM, 2019 WL 1202877, at *1 (D. Colo. March 13, 2019). In doing so Judge Arguello accepted the recommendation of Magistrate Judge Mix, reported at 2019 WL 851120 (D. Colo. Feb. 22, 2019).

2430 South Havana asserts that the three individuals recommended by Owners are closely associated with the insurance industry; and that two of the three (or other engineers in

their companies) have worked with the law firm representing Owners in this case. ECF No. 7 at 5. 2430 South Havana points out that in *PB Property Holdings, LLC v. Auto Owners Ins. Co.,* No. 16-cv-1748, (Jan. 3, 2018), Judge Martinez did not agree that an individual with subject-area expertise was necessary and appointed Hon. John Leopold, a retired state court judge now working at JAMS Denver, as the umpire. Slip Op. at 4-5. 2430 South Havana proposes either Steven Meyrich or Richard Myers, both of whom are Colorado attorneys who specialize in mediation and arbitration. 2430 South Havana points out that Mr. Meyrich was accepted by Owners as an umpire in another case, and that Mr. Myers, in addition to having experience as an umpire in similar cases, formerly was an in-house attorney with Liberty Mutual Insurance Company. ECF No. 7 at 10-11.

In reply Owners disputes that Mr. Mekelburg and Mr. Wieghaus are partial to the insurance industry, and it states that if it approved Mr. Meyrich in a previous case (which it does not confirm), that is irrelevant to the present case which needs an umpire with property damage expertise.

I have also reviewed the slates of potential umpires proposed by the parties in three other cases in this district and find the following:

*PB Property Holdings, LLC v. Auto-Owners Ins. Co., supra.*

The insured (represented by the same counsel as in the present case) proposed as an umpire (1) Judge Leopold; (2) Hon. Thomas Moorhead of the Judicial Arbiter Group; and (3) Mr. Myers of JAMS Denver. ECF No. 36 in case No. 16-cv-01748-WJM-STV, at 4. The insurance company argued that the individuals proposed by the plaintiff lacked knowledge and experience in property damage appraisal. It recommended the appointment of (1) Roger M.

Grace of Hollady & Grace Roofing and Reconstruction; (2) Nick Lovato of Cybercon Consulting, Inc.; or (3) Conrad Kawulok of Construction Analytics. *Id.* at ECF No. 39 in that case. As I have noted, Judge Martinez selected Judge Leopold as the umpire.

*Continental Casualty v. Kidney Real Estate Associates of Arvada, LLC, supra.*

The insurance company proposed (1) Mathew J. Sitzman of Haag Engineering; (2) Grant Trusler of Madsen, Kneppers, and Associates, Inc.; (3) Mr. Lovato; (4) Chris Warlow of United Building Sciences; (5) Neil Mekelburg of PIE Consulting & Engineering; (6) Hon. Sandy M. Brook of the Judicial Arbiter Group; and (7) Hon. Cristopher Cross of JAMS Denver. ECF No. 22 in Case No. 18-cv-00551-CMA-KLM, at 1-4. The insured objected to the five engineers as being too closely associated with the insurance industry. Though expressing concern about Judge Brook and Judge Cross, because they were proposed by the insurance company, it accepted them and proposed Hon. James S. Miller, Hon. John P. Leopold, and Richard P. Myers, all of JAMS Denver. *Id.,* ECF No. 25 at 1-2. As I have noted, Magistrate Judge Mix, finding that engineering experience would be helpful, recommend Mr. Mekelburg, and Judge Arguello agreed.

*PWD, Inc. v. Travelers Indemnity Co. of America,* No. 17-cv-2561-RM-KMT, 2019 WL 1281413 (D. Colo. March 20, 2019).

The insurance company and its designated appraiser proposed (1) Peter Marxhausen of Higgins & Associates; (2) Carl F. Mangone of Fay Engineering; (3) Mr. Warlow; and (4) Brian Schupbach of Interstate Restoration. ECF No. 23 in 17-cv-2561-RM-KMT, at 2-3. Each of these individuals was described as having "extensive experience pertinent to assessing roof damage and estimating the cost of repair and replacement of damaged roof components. *Id.* at 3.

It noted that the insured's appraiser had provided a list of 13 individuals. All but two were from outside Colorado, and the insurer indicated its belief that knowledge of the Denver construction market was important. *Id.* at 4. The insurer also objected to the two Colorado individuals on the insured's list: Mr. Myers, because he lacked construction or engineering experience; and Laura Haber, a public adjuster, who had been disqualified in two separate Colorado state court cases due to a history of having her license revoked and having been convicted of a felony in Florida (and who had sued Travelers for defamation) *Id.* at 4-5. The insured responded by proposing only Mr. Myers as the umpire. ECF No. 25 in No. 17-cv-2561-RM-KMT, at 3.

Judge Moore decided that an umpire with subject area expertise made sense: "Upon review of the candidates advanced by the parties, the Court finds Christopher C. Warlow suitable to serve as umpire based on his certification in roof repair and maintenance and thirteen years of experience as an executive consultant in roof damage evaluations and costs estimates related to, among other things, hail damage." 2019 WL 1281413 at *2. The file reflects that an appraisal award was made on June 3, 2019, signed by the insured's designated appraiser and Mr. Warlow. ECF No. 34 in Case No. 17-cv-2561-RM-KMT at 2, ¶5.

The contract language provides no guidance on the qualifications of an umpire. I am inclined to agree with Judge Mix and Judge Moore that an umpire with expertise in roof repair and property damage evaluations makes sense. I have no doubt that Mr. Meyrich and Mr. Myers are very capable mediators. However, this is an appraisal of hail damage to a building, not an arbitration or mediation. The umpire is tasked with evaluating the conflicting appraisals of two appraisers who presumably are themselves competent to evaluate hail damage. In my view, a

benefit of the appraisal clause is that it gives the parties an option of having the damages determined by persons with expertise in the field as an alternative to judges and juries.

The parties oppose the individuals on each other's lists, Owners because it claims to want an engineer, 2430 South Havana because it contends that each of the individuals proposed by Owners is partial to insurers and/or Owners' counsel. Without making any finding on the competence or impartiality of these individuals, I elect not to appoint any of them.

I have considered doing my own investigation and attempting to find a qualified person who has not been identified in any of the lists I have seen. I have also considered appointing a mediator/arbitrator with the proviso that he or she be permitted to consult an independent expert for assistance on the roofing and other property damage issues as might be needed (although I'm not sure I have authority to require that). In the end, however, I have decided to appoint Christopher C. Warlow of Unified Building Services (offices in Englewood, Colorado and Dallas, Texas) to be the umpire in this case. I do so for several reasons. According to his CV, which was filed at ECF No. 23-3 in the *PWD* case, 17-cv-02561-RM-KMT, he has pertinent subject area experience and expertise. He was selected by Judge Moore to be the umpire in that case. Although he was on the insurer's list of proposed appraisers in that case, the final award was reportedly based on the agreement of Mr. Warlow and the appraiser for the insured, which tends to indicate impartiality. I am aware that Mr. Warlow is associated with the same engineering firm as one of the individuals proposed by Owners in this case (Mr. Lochridge), but I have evaluated Mr. Warlow on his own qualifications. I called Mr. Warlow, and he indicated that he would accept the appointment.

I am sending a copy of this order to Mr. Warlow. His contact information is in his CV. This case will be stayed pending completion of the appraisal process. The Court requests a status report in 60 days if the process has not been completed by that time.

DATED this 8th day of July, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge